**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| E.L.O. CORPORATION,<br><br>PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,<br><br>DEFENDANTS. | CASE NO.: 1:25-CV-12337<br><br>JUDGE ROBERT W. GETTLEMAN<br><br>MAGISTRATE JUDGE LAURA K. MCNALLY |

**PLAINTIFF'S SECOND MOTION FOR LEAVE TO**
**TEMPORARILY FILE CERTAIN DOCUMENTS UNDER SEAL**

Plaintiff, E.L.O. Corporation ("Plaintiff"), by its undersigned counsel, respectfully seeks this Court's authorization for leave to temporarily file certain documents under seal in an action arising out of 15 U.S.C. §1114, *et seq.* Plaintiff previously filed a Motion to File Certain Documents Under Seal [7], which was granted by the Court [20] on October 22, 2025. In the same minute entry, this Court ordered the Plaintiff to file a joinder statement. [20].

In compliance with the Court's order in [20], Plaintiff filed a supplemental joinder memo with accompanying declaration and exhibit. In addition to the Plaintiff's previous request to file the Schedule A to the Complaint [2] under seal, Plaintiff is now requesting leave to also file the following documents under seal: (1) the memorandum establishing that joinder is proper and its accompanying declaration and exhibit [21], which contain identifying information regarding the Defendant Internet Stores; and (5) Exhibit 2 to the Declaration in Support of the Plaintiff's motion for entry of a temporary restraining order that includes screenshot evidence of the product listings and the identities of the Defendant Internet Stores.

Temporarily sealing this portion of the file is necessary to prevent Defendants from

1

learning of these proceedings prior to execution of a temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence as well as the hiding and/or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Specifically, such activity will likely include Defendants: (a) blocking access to its sites in the U.S. such that trademark owners are unable to view Defendants' online postings, and, therefore, unable to gather important evidence; (b) closing Defendant Internet Stores and opening up new online stores with new registration and account information in order to evade this action; and (c) transferring assets, closing financial accounts, and reopening new financial accounts so as to avoid asset restraints, leaving Plaintiff without remedy.

Additionally, Plaintiff requests that these documents be placed temporarily under seal only until its anticipated requested *ex parte* injunctive relief has been effectuated. This is to ensure that Defendants engage in this suit and will not unduly burden the public from learning of the particulars of this action. Once the temporary restraining order has been served and the requested actions are taken, Plaintiff will move to unseal these documents.

For these reasons, Plaintiff respectfully requests that it be permitted to temporarily file certain documents under seal until such *ex parte* injunctive relief is effectuated, including the suspension of the Defendant Internet Stores and restraint of the associated financial accounts, in order to further mitigate the risk of Defendants attempting to evade Plaintiff's present anti-counterfeiting efforts.

Dated: October 30, 2025

Respectfully submitted,

*/s/ Gouthami V. Tufts*
Ann Marie Sullivan
Alison K. Carter
John J. Mariane
Gouthami V. Tufts

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd. Ste 1700
Chicago IL 60604
www.scip.law
929-724-7529
g.tufts@scip.law

***ATTORNEYS FOR PLAINTIFF***