**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| E.L.O. CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS IDENTIFIED ON<br>SCHEDULE A,<br><br>*Defendants*. | **CASE NO.** 1:25-cv-12337<br><br><br>**Judge:** Honorable Robert W. Gettleman<br><br>**Magistrate Judge:** Honorable Laura K. McNally |

**DEFENDANTS' MOTION TO DISMISS UNDER**
**RULE 12(b)(2) AND INCORPORATED MEMORANDUM OF LAW**

Sixteen Defendants DIANNAO Co.Ltd (Def. No. 167), YUFENG Co.Ltd (Def. No. 168), LUANXING (Def. No. 204), KUISANG Co.Ltd (Def. No. 208), baohanbao (Def. No. 229), shishiYYun (Def. No. 238), youYY (Def. No. 255), yuanquan (Def. No. 260), siquan (Def. No. 261), GUOUNII (Def. No. 268), ZHENGSHUU (Def. No. 272), huanghai shop (Def. No. 274), wan trade (Def. No. 277), xinyingxin (Def. No. 298), LE66YE (Def. No. 301), lianyuestore (Def. No. 306), (collectively, "Defendants") by and through their undersigned counsel, file this Motion to Dismiss Plaintiff E.L.O. CORPORATION's ("Plaintiff") Complaint against them pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction.

## I. INTRODUCTION

Based on Plaintiff's evidence submission [Dkt. No. 17], Defendants have conducted a diligent search of sales records, the products identified by Plaintiff as accused products sold by each Defendant are as follows:

| Defendants | Accused Products | Walmart Product ID |
|---|---|---|
| DIANNAO Co.Ltd | Thigh Master with Counter 0–77LBS Resistance Adjustable Pelvic Floor Muscle Trainer Men Women Inner Thigh Leg Hip Exerciser Toner Home Gym Workout Fitness Equipment | 7309810422 |
| | PREWOOD Thigh Master Thigh Exerciser for Women, Enhanced Resistance Hip and Pelvis Trainer, Inner Thigh Exercise Equipment, Kegel Exercise Products for Women Home Gym | 14615366630 |
| | Aurora Glaze Pelvic Floor Trainer, Aurora Glaze Thigh Master, Beautiful Legs Yoga Machine Leg Pelvic Floor Muscle Exercise, Equipped with Counter | 15584719119 |
| YUFENG Co.Ltd | Clearance Thigh Master Leg Muscle Fitness Workout Exercise Multi-function Gym Equipment | 5533541827 |
| | Thigh Master for Women Pelvic Floor Muscle Thigh Master Inner Thigh Exercise Workout Equipment for Home Pelvic Floor Strengthening Device Women | 13768557142 |
| LUANXING | Thigh Master, Home Fitness Equipment, Workout Equipment of Arms, Inner Thigh Toners Master, Trimmer Thin Body, Leg Exercise Equipment, Arm Trimmers, Best for Weight Loss | 15236874133 |
| | | 15246308689 |
| | Thigh Toner Compact Thigh Exerciser Master Trimmer Leg Exerciser Thigh Master, Butt Leg Arm Toner Thigh Trimmer Leg Exerciser Thigh Master Workout Tone Home Gym Equipment for Fitness | 15279005465 |
| KUISANG Co.Ltd | Siowedi Thigh Master Pelvic Floor Muscle Trainer Women Inner Thigh Leg Hip Exerciser Toner Home Gym Workout Fitness Equipment Pink | 6601007235 |
| | hengsof Leg Exercise Equipment, Home Gym Sports Thigh Master Leg Arm Exerciser Muscle Fitness Machine | 10730651928 |
| | | 10739953741 |
| | Neyseki Thigh Master Exercise Equipment for Home Workouts Women Inner Butt Toner Pelvis Muscle Leg Press Machine Body Sculpting Hips Trainer, Arm Trimmers for Weight Loss Gym Yoga | 5604915354 |
| baohanbao | Thigh Master Toner and Exerciser - Gray | 939132500 |
| | GYTY Thigh Toner & Butt, Leg, Arm Toner Thigh Trimmer Leg Exerciser Thigh Master Home Gym Equipment | 12127451883 |
| | | 12141503148 |
| shishiYYun | Aurora Glaze Pelvic Floor Trainer, 360° Rotation Anti Slip Design Aurora Glaze Thigh Master with Intelligent Counting, Aurora Pelvic Floor Exerciser, for Back Shoulder Arm Leg Workout | 15455110165 |
| | Aurora Glaze Thigh Master Trainer for Women, Thigh Master for Women, Upgraded Muscle Thigh Master, with Intelligent Counting, 360° Rotation, Anti Slip Design, for Trimmer Inner Thigh | 15404462516 |

| | | |
|---|---|---|
| youYY | *sunsanly Thigh Master Pelvic Floor Muscle Trainer Digital Display Counter Men Women Leg Hip Exerciser Toner Home Workout Fitness Equipment* | 5857946655 |
| | *Thigh Master, Home Fitness Equipment, Workout Equipment of Arms, Inner Thigh Toners Master, Trimmer Thin Body, Leg Exercise Equipment, Arm Trimmers, Best for Weight Loss* | 3505849804 |
| yuanquan | *Thigh Master Exercise Equipment for Home Workouts Women Inner Butt Toner Pelvis Muscle Leg Press Machine Body Sculpting Hips Trainer, Arm Trimmers for Weight Loss Gym Yoga Sport* | 898404933 |
| siquan | *Xssm Thigh Master with Counter, Pelvic Floor Muscle Trainer, Portable Women Inner Thigh Leg Hip Exerciser, Toner Home Gym Workout Fitness Equipment* | 14677873027 |
| | | 14714504546 |
| GUOUNII | *100Fens Thigh Master Leg Muscle Fitness Workout Exercise Multi-Function Gym Equipment* | 7001562100 |
| | *Thigh Master, Home Fitness Equipment, Workout Equipment of Arms, Inner Thigh Toners Master, Trimmer Thin Body, Leg Exercise Equipment, Arm Trimmers, Best for Weight Loss* | 2542452468 |
| | *Thigh Master LED Pelvic Floor Exercise Devices with Count Inner Thigh Exerciser Thigh Master Hip Trainer Kegel Exerciser for Home, Pelvic Floor Strengthening Device Women* | 14679505358 |
| ZHENGSHUU | *Aurora Glaze Pelvic Floor Trainer, 360° Rotation Anti Slip Design Aurora Glaze Thigh Master with Intelligent Counting, Aurora Pelvic Floor Exerciser, for Back Shoulder Arm Leg Workout* | 15384172812 |
| huanghai shop | *PVC Leg Thigh Exerciser Gym Exercise Thigh Master Leg Muscle Arm Chest Waist Exerciser* | 1083433711 |
| wan trade | *Thigh Master Equipment, Thighmaster with Resistance Band Figure-8 for Women Muscle Fitness Exercise, Yoga, fitness in Gym Home Workout Training* | 14815115607 |
| xinyingxin | *Manyache Thigh Master with Counter 0–77LBS Resistance Adjustable Pelvic Floor Muscle Trainer Men Women Inner Thigh Leg Hip Exerciser Toner Home Gym Workout Fitness Equipment* | 11081072852 |
| LE66YE | *Manyache Thigh Master with Counter 0-77LBS Resistance Adjustable Pelvic Floor Muscle Trainer Men Women Inner Thigh Leg Hip Exerciser Toner Home Gym Workout Fitness Equipment* | 11081072852 |
| lianyuestore | *Pelvic Floor Muscle and Inner Thigh Toner – Inner Thigh Toners Master, Pelvic Floor Muscle Trainer, Thigh Master Hip Trainer Exerciser, Kegel Trainer for Postpartum Rehabilitation* | 14715357206 |

Following a diligent search, Defendants confirm that they have "never sold or shipped any accused products to Illinois." *See* Declaration of Huazhen Lei, attached as **Exhibit 1**, at ¶ 5; Declaration of Yufeng Zheng, attached as **Exhibit 2**, at ¶ 5; Declaration of Zongguo Chen, attached as **Exhibit 3**, at ¶ 5; Declaration of Fengge Xiao, attached as **Exhibit 4**, at ¶ 5; Declaration of Lingyu Shi, attached as **Exhibit 5**, at ¶ 5; Declaration of Lijun Hu, attached as **Exhibit 6**, at ¶ 5; Declaration of Changle Liu, attached as **Exhibit 7**, at ¶ 5; Declaration of Li Liu, attached as **Exhibit 8**, at ¶ 5; Declaration of Yuanyuan Li, attached as **Exhibit 9**, at ¶ 5; Declaration of Yuqing Wu, attached as **Exhibit 10**, at ¶ 5; Declaration of Xiuying Wu, attached as **Exhibit 11**, at ¶ 5; Declaration of Wengai Zhang, attached as **Exhibit 12**, at ¶ 5; Declaration of Xiaojuan Guo, attached as **Exhibit 13**, at ¶ 5; Declaration of Liujing Guo, attached as **Exhibit 14**, at ¶ 5; Declaration of LiPing Liu, attached as **Exhibit 15**, at ¶ 5; Declaration of Bo Li, attached as **Exhibit 16**, at ¶ 5.

Plaintiff's evidence submission, consisting of screenshots, which at most indicates that the accused products could be shipped to Illinois, does not establish a *prima facie* showing of personal jurisdiction over Defendants.

Defendants acknowledge that their searches were conducted based on the specific allegations and the items identified in Plaintiff's submissions. If Plaintiff later alleges that Defendants sold additional accused products not presently identified, Defendants would undertake supplemental searches to determine whether any such sales occurred. On the current record, however, there is no evidence that any Defendant sold or shipped the accused products into Illinois.

Consequently, since Plaintiff has not made a *prima facie* showing of personal jurisdiction, Defendants respectfully request that the Court dismiss Plaintiff's claims against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

## II.     PROCEDURAL BACKGROUND

On October 9, 2025, Plaintiff filed its Complaint, alleging that all defendants identified in Schedule "A," including Defendants, infringed on Plaintiff's trademarks. [Dkt. No.1].

On October 20, 2025, Plaintiff filed a motion for entry of a temporary restraining order including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery ("TRO") against the Schedule "A" defendants. [Dkt. No. 15].

On October 31, 2025, the Court entered a sealed TRO. [Dkt. No. 24].

On November 25, 2025, Plaintiff filed a Motion for Preliminary Injunction. [Dkt. No. 32].

## III.     LEGAL STANDARDS

"If a defendant moves to dismiss on personal jurisdiction grounds, …, the burden shifts to the plaintiff to demonstrate that personal jurisdiction exists." *Fang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24-CV-08963, at *1 (N.D. Ill. Feb. 4, 2025) (citing *Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 388 F. 3d 773, 782 (7th Cir. 2003)).

To determine whether the plaintiff met its burden, courts may consider affidavits from both parties. *United Airlines, Inc. v. Zaman*, No. 14 C 9214, 2015 U.S. Dist. LEXIS 56982, at *3 (N.D. Ill. Apr. 30, 2015) (citing *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012)). While courts must resolve factual disputes in the plaintiff's favor at this early stage, unrefuted facts in the defendant's affidavits must be taken as true. *Id*.

## IV.     ARGUMENTS

General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

Specific jurisdiction requires defendant has "minimum contacts" with the forum state, which requires that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart, Ind.*, 996 F.3d 812, 819 (7th Cir. 2021) (citing *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020)).

In the present case, Defendants do not have minimum contacts with Illinois and as such neither general jurisdiction nor specific (personal) jurisdiction can be constitutionally exercised. The Complaint against Defendants should be dismissed.

## A.      This Court lacks general jurisdiction over Defendants

In the present case, this Court lacks general jurisdiction over Defendants because they don't have "continuous and systematic general business contacts" with Illinois.

All Defendants are Chinese entities incorporated in China and operate solely from China. *See* Exs. 1-16 ¶3. They have "no office, employees, or agents in Illinois" and have "not engaged in advertising, marketing, or held any telephone lines or listings in Illinois." *See* Exs. 1-16 ¶4. Additionally, they do not "maintain any bank accounts or warehouse inventory in Illinois and never used an internet service provider from Illinois." *Id.*

Therefore, this Court lacks general jurisdiction over Defendants because Defendants lack continuous and systematic general business contacts with Illinois.

## B.      Specific Jurisdiction cannot be constitutionally exercised over Defendants

The Seventh Circuit has held that operating a website that is accessible in the forum state, but does not specifically target the forum state, does not create specific personal jurisdiction.

*See NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc*., 751 F.3d 796, 801–02 (7th Cir. 2014); *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011); *see also Gullen v. Facebook.com, Inc.,* No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016). This reflects that specific jurisdiction must rest on forum-related contacts of the defendant, not the "plaintiff (or third parties)." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 913 (7th Cir. 2015). When all a defendant does is make a website available in a forum state, the defendant's relation to the forum is "entirely fortuitous, depending wholly on activities outside of the defendant's control." *Advanced Tactical Ordnance Sys.*, 751 F.3d at 803.

    1.  <u>Defendants Lack the Minimum Contacts with Illinois to Support Specific Jurisdiction.</u>

The Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not hauled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC*, 642 F.3d 558 (7th Cir. 2011) (citing *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). Beyond simply operating an interactive website— even a "highly interactive" website— that is accessible from the forum state, a defendant must in some way *target* the forum state's market before she may be hauled into court in that state without offending the Constitution. *Id*. at 558-59 (citations omitted); *see also Walden*, 517 U.S. at 284 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) ("Due process requires that a defendant be hauled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."); *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (the

mere operation of an interactive website does not constitute sufficient contact when unaccompanied by activities expressly targeting the forum state).

In the present case, there are no suit-related contacts with Illinois. Defendants made no sales or shipments of the accused products into Illinois. Their online storefronts are globally accessible, but there is no evidence of Illinois-specific targeting, marketing, or transactions. Because Plaintiff's claims do not arise out of or relate to any Illinois conduct by Defendants, specific jurisdiction is lacking and the claims should be dismissed under Fed. R. Civ. P. 12(b)(2).

   2.   <u>Jurisdiction Cannot Be Exercised Over Defendants Consistent with Traditional Notions of Fair Play and Substantial Justice.</u>

Even if this Court finds a bare minimum of contacts with Illinois, jurisdiction over Defendants is only proper if exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Hemi*, 622 F.3d at 759 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In making this determination, the Court should consider: [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies. *Id*. (alteration in original). The factors are considered on a sliding scale: the weaker the defendant's contacts with the forum state, the less likely it is that exercising jurisdiction over that defendant is appropriate. *Id*. at 759-60.

In the present case, the burden on Defendants to litigate in Illinois is substantial given their lack of contact with the state. Moreover, the state of Illinois has a minimal interest in adjudicating this dispute since the allegations are at most address *de minimis* issues, causing virtually no appreciable actual injury to Plaintiff in this forum state.

Notably, neither party is based in Illinois. While Defendants are entities incorporated in

China and operate solely from China, upon information and belief, Plaintiff is a California-based corporation [Dkt. No. 1, p. 4]. Because none of the Defendant has sold or shipped any accused items to Illinois, the Illinois courts would not provide specific efficiencies in resolving this matter.

Consequently, even if minimal contact is found to exist, this Court should decline to exercise jurisdiction as it would contravene traditional notions of fair play and substantial justice.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the Complaint against them.

Date: December 2, 2025          /s/ He Cheng

He Cheng,
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33301
www.palmerlawgroup.com
Tel: +1 (917) 525-1495
***Attorney for Defendants***