# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| E.L.O. CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,<br><br>*Defendants*. | CASE NO. 1:25-cv-12337<br><br>**Judge:** Honorable Robert W. Gettleman<br><br>**Magistrate Judge:** Honorable Laura K. McNally |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Without waiving their jurisdictional defenses under Rule 12(b), Twenty Defendants BAOZHIXIN Co.Ltd (Def. No. 161), YUMIAO Co.Ltd (Def. No. 169), BAOBIN Co.Ltd(Def. No. 175), Yinuo Trade (Def. No. 228), qidandd (Def. No. 242), nanchengnn (Def. No. 243), luoquanqq (Def. No. 263), XIGEII (Def. No. 264), shaochunn (Def. No. 265), xinmanxx (Def. No. 271), minxuanshop (Def. No. 278), HEGUO (Def. No. 280), MUHESTORE (Def. No. 281), lukeshop (Def. No. 282), Fengbinbin Inc (Def. No. 290), LiSang Co.Ltd (Def. No. 296), ZHONGHEI (Def. No. 299), mengyaCo.Ltd (Def. No. 300), liuxiaolei (Def. No. 308), aoting (Def. No. 309), (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit their Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. No. 32].

## INTRODUCTION

Contrary to Plaintiff's claim, a preliminary injunction against Defendants is neither necessary nor appropriate in the present case.

***First***, Plaintiff cannot establish a likelihood of success because this Court lacks personal jurisdiction over Defendants. Defendants have moved to dismiss for lack of personal jurisdiction [Dkt. No. 37], supported by declarations showing that Defendants made no sales of the accused products or ship into Illinois. Since Defendants have never sold or shipped the accused products to Illinois, jurisdiction cannot be established. Therefore, Plaintiff cannot demonstrate success on the merits, and the injunction should be denied at the threshold.

***Second***, Plaintiff cannot show irreparable harm. Plaintiff delayed almost five months after obtaining screenshots of the alleged infringement before seeking injunctive relief. Such delay undermines any claim of urgency or irreparable harm.

Moreover, nineteen of the twenty Defendants' Walmart seller accounts had been terminated months before Plaintiff sought its motion, and all accused product listings have been removed or discontinued. With no ongoing business operations and no continuing availability of the allegedly infringing product, there is no imminent harm to enjoin.

Further, Defendants were merely "piggyback sellers" under existing Walmart listings. They neither created nor edited the now-removed product listings. Defendants also agreed not to offer, list, or sell any allegedly infringing products, further negating any claim of irreparable harm.

***Third***, compounding these factors is that Defendants had zero revenue from sales of the accused products, yet Plaintiff seeks to freeze the entirety of Defendants' funds. The well-settled precedent in this District and by the Supreme Court dictates that prejudgment asset freezes should be limited to the amount necessary to protect a genuine claim for equitable monetary relief. Here, any equitable accounting would be zero. Defendants have thus far been effectively

barred from accessing their business revenues, even though no connection exists between the restrained funds and the alleged infringement.

## LEGAL STANDARDS

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–312 (1982)).

The first two factors are the "most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). If both are present, a court then balances all four factors. *Id*. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (quoting *Amoco Production Co.*, 480 U.S., at 542).

## ARGUMENT

**A. Plaintiff cannot establish a likelihood of success because this Court lacks personal jurisdiction over Defendants**

As a threshold matter, Defendants have challenged this Court's exercise of personal jurisdiction over them with respect to the alleged infringement. *See* Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 37]. Defendants' evidentiary submissions establish that Defendants made no sales of the accused products at all. *Id*. Accordingly, because

Plaintiff has not presented any evidence demonstrating that Defendants sold or shipped the accused products into the forum state, personal jurisdiction cannot be established.

"[F]or a 'preliminary injunction to be valid,' the district court that issues it must 'have personal jurisdiction over the defendant.'" *Unicolors, Inc. v. Shewin Flagship Shops*, No. 1:24-CV-2987, 2024 U.S. Dist. LEXIS 193461, at *23 (N.D. Ill. Oct. 24, 2024) (quoting *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); citing *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007)); *accord. United States v. Kirschenbaum*, 156 F.3d 784, 795 (7th Cir. 1998)); *see also Alahverdian v. Nemelka*, No. 3:15-cv-060, 2015 U.S. Dist. LEXIS 21266, at *3 (S.D. Ohio Feb. 23, 2015) ("Inherent in showing a substantial likelihood of success on the merits is a showing that Plaintiff could defeat a lack of personal jurisdiction defense.") (citing *Catalog Marketing Services, Ltd. v. Savitch*, 1989 U.S. App. LEXIS 22172, 1989 WL 42488, *2 (4th Cir. 1989) ("Generally a plaintiff must only make a prima facie showing of personal jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction,... however, when injunctive relief is sought, a stronger showing must be made. ...[W]hen a preliminary injunction is requested, the plaintiff must demonstrate "that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits."); *Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 58 (2d Cir. 1981); *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).

Accordingly, because Plaintiff has not established that this Court has personal jurisdiction over Defendants, Plaintiff's request for a preliminary injunction should be denied at the outset.

### B. Plaintiff's prolonged delay in seeking injunctive relief and the termination of Defendants' Walmart seller accounts demonstrate a lack of irreparable harm

The Supreme Court has made clear that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff's delay in bringing suit undercuts its claim of irreparable harm." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995).

The Seventh Circuit recognizes that Plaintiff's delay, when coupled with speculative harm, weighs heavily against the entry of injunctive relief. *See Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 903 (7th Cir. 2001) (noting that delay in seeking injunctive relief weakens claims of irreparable harm); *see also Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 3821, 2024 U.S. Dist. LEXIS 195756, *21 (N.D. Ill. Oct. 29, 2024) (citing *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011)) (the "irreparable harm [inquiry] takes into account how urgent the need for equitable relief really is."); *Ixmation, Inc. v. Switch Bulb Co.*, No. 14 C 6993, 2014 U.S. Dist. LEXIS 150787, 2014 WL 5420273, at *7-8 (N.D. Ill. Oct. 23, 2014) (*four-and-a-half month delay* precluded finding of irreparable harm); *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 441 (E.D.N.Y. 2013) (*five-month delay* in seeking preliminary injunction after filing suit indicated that the plaintiff faced no threat of irreparable harm because it "undermine[d] the sense of urgency that typically accompanies a motion for preliminary injunction"); *Playboy Enters. Inc. v. Netscape Commc'n.s Corp.*, 55 F. Supp. 2d 1070, 1090 (C.D. Cal. 1999) (finding that a *five-month delay* in seeking injunctive relief demonstrated a lack of irreparable harm).

*First*, the screenshot evidence purporting to show Defendants' alleged infringement reflects that, for eighteen of the twenty Defendants, the images were captured in April and May

5

2025, and for the remaining two Defendants, the screenshot was taken on July 30, 2025. [Dkt. No. 17-2, at pp.273, 313, 338; Dkt. No. 17-3, at pp.185, 248, 252, 337, 340, 347, 377; Dkt. No. 17-4, at pp.28, 34, 38, 42, 75, 97, 111, 115, 148, 152]. Yet Plaintiff did not seek injunctive relief until approximately five months later, on October 20, 2025 [Dkt. No. 15]. This unexplained and substantial delay in time forecloses any claim of genuine "irreparability" or urgent need.

**Second**, "as a general rule, a defendant's ability to compensate plaintiff in money damages precludes issuance of a preliminary injunction." Equip. Leasing Grp. of Am., LLC v. Pure Midstream, LLC, No. 1:23-cv-16099, 2024 U.S. Dist. LEXIS 183151, *18 (N.D. Ill. Oct. 7, 2024) (citing Signode Corp. v. Weld-Loc Systems, Inc., 700 F.2d 1108, 1111 (7th Cir.1983)). When "there is no threat of ongoing harm from Defendants," the relief sought is monetary, rather than injunctive. Phillips v. Ellis, No. 2:24-cv-00235-JRS-MKK, 2024 U.S. Dist. LEXIS 223951, *3 (S.D. Ind. Dec. 11, 2024).

Here, nineteen of the twenty Defendants' Walmart seller accounts had been terminated before Plaintiff sought its Motion for Entry of a temporary restraining order on October 20, 2025. (*See* table below, and Declarations in Support of Defendants' Motion to Dismiss, Dkt. No. 37-1, 37-2, 37-4, 37-5, 37-6, 37-7, 37-8, 37-9, 37-10, 37-11, 37-12, 37-13, 37-14, 37-15, 37-16, 37-17, 37-18, 37-19, 37-20). As a result, there is no continuing business operation by these Defendants, and thus no continuing harm that requires an injunction.

| Defendants | Terminated on |
|---|---|
| BAOZHIXIN Co.Ltd (terminated) | April 24, 2025 |
| YUMIAO Co.Ltd (terminated) | August 4, 2025 |
| Yinuo Trade (terminated) | July 1, 2025 |
| qidandd (terminated) | September 30, 2025 |
| nanchengnn (terminated) | August 8, 2025 |
| luoquanqq (terminated) | May 15, 2025 |
| XIGEII (terminated) | August 8, 2025 |
| shaochunn (terminated) | August 18, 2025 |

6

| | |
|---|---|
| xinmanxx (terminated) | May 2, 2025 |
| minxuanshop (terminated) | June 23, 2025 |
| HEGUO (terminated) | August 8, 2025 |
| MUHESTORE (terminated) | July 6, 2025 |
| lukeshop (terminated) | September 29, 2025 |
| Fengbinbin Inc (terminated) | May 14, 2025 |
| LiSang Co.Ltd (terminated) | June 13, 2025 |
| ZHONGHEI (terminated) | October 6, 2025 |
| mengyaCo.Ltd (terminated) | August 8, 2025 |
| liuxiaolei (terminated) | September 5, 2025 |
| aoting (terminated) | September 22, 2025 |

Further, the specific Walmart product listings have been removed or discontinued. Defendants, who were "piggyback sellers" offering products under existing Walmart product listings, did not create or edit the now-removed or discontinued listings to include Plaintiff's trademarks, and therefore cannot continue to offer any allegedly infringing products.

Therefore, with no credible threat of ongoing or future infringement, a preliminary injunction is neither necessary nor appropriate. This conclusion is further underscored by Plaintiff's protracted delay in moving for injunctive relief after it first obtained evidence of the alleged infringement.

In short, most of the Defendants no longer have operational Walmart seller accounts, and all of the relevant listings have been removed or discontinued—making it impossible for Defendants to continue any infringing activity. Because Plaintiff fails to demonstrate any ongoing or imminent harm, it does not meet its burden for extraordinary relief, and its request for a preliminary injunction should therefore be denied.

C. **The restrained amount far exceeds any profits potentially subject to equitable relief**

The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking *equitable monetary relief*. *See Grupo*

*Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

"[T]he appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) *equitable relief*." *Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*, 735 F. Supp. 3d 981, 983 (N.D. Ill. 2024) (quoting *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13-cv-07621, 2013 U.S. Dist. LEXIS 205985, at *2 (N.D. Ill. Oct. 31, 2013)). Thus, "if the amount of the profits is known, then the asset freeze should apply only to that specific amount, and no more." *Id*.

"Schedule A plaintiffs typically don't request and receive equitable monetary relief," and "Schedule A plaintiffs ask district courts to unfreeze the [restrained] money and award statutory damages, not equitable relief." *Zorro Prods., Inc. v. Individuals*, No. 23-cv-5761, 2023 U.S. Dist. LEXIS 226550, at *10 (N.D. Ill. Dec. 20, 2023).

Here, all Defendants made zero sales of the accused Products. *See* Declarations in Support of Defendants' Motion to Dismiss, [Dkt. No. 37-1, 37-2, 37-3, 37-4, 37-5, 37-6, 37-7, 37-8, 37-9, 37-10, 37-11, 37-12, 37-13, 37-14, 37-15, 37-16, 37-17, 37-18, 37-19, 37-20]. By contrast, Plaintiff has demanded an asset freeze that restrains all funds in Defendants' accounts despite no showing that such a sweeping freeze is necessary to secure the limited equitable remedy Plaintiff purports to seek for trademark infringement under 15 U.S.C. § 1117(c). This overreach runs counter to well-established precedent limiting prejudgment restraints to amounts reasonably necessary to cover potential equitable relief.

Each Defendant's sales of the alleged infringing products, and the corresponding restrained amounts, are summarized in the table below:

| Defendants | Units Sold | Revenue | Amount Frozen |
|---|---|---|---|
| BAOZHIXIN Co.Ltd (terminated) | 0 | $0 | $ 22,617.18 |
| YUMIAO Co.Ltd (terminated) | 0 | $0 | $ 23,596.62 |
| BAOBIN Co.Ltd | 0 | $0 | $ 8,876.48 |

| | | | |
|---|---|---|---|
| Yinuo Trade (terminated) | 0 | $0 | $ 555.12 |
| qidandd (terminated) | 0 | $0 | $ 8,728.73 |
| nanchengnn (terminated) | 0 | $0 | $ 1,012.05 |
| luoquanqq (terminated) | 0 | $0 | $ 16,496.04 |
| XIGEII (terminated) | 0 | $0 | $ 1,832.04 |
| shaochunn (terminated) | 0 | $0 | $ 15,405.51 |
| xinmanxx (terminated) | 0 | $0 | $ 19,447.53 |
| minxuanshop (terminated) | 0 | $0 | $ 4,445.25 |
| HEGUO (terminated) | 0 | $0 | $ 16,169.9 |
| MUHESTORE (terminated) | 0 | $0 | $ 4,561.53 |
| lukeshop (terminated) | 0 | $0 | $ 36,009.66 |
| Fengbinbin Inc (terminated) | 0 | $0 | $ 11,529.26 |
| LiSang Co.Ltd (terminated) | 0 | $0 | $ 9,882.91 |
| ZHONGHEI (terminated) | 0 | $0 | $ 38,216.15 |
| mengyaCo.Ltd (terminated) | 0 | $0 | $ 3,649.78 |
| liuxiaolei (terminated) | 0 | $0 | $ 212.22 |
| aoting (terminated) | 0 | $0 | $ 20,317.88 |

Since Defendants' profits from the alleged infringement are nonexistent, restraining significantly greater amounts is disproportionate and imposes an unfair burden on Defendants. The practical effect of Plaintiff's request is a *de facto* seizure of Defendants' entire business revenue—even though none of frozen funds has any nexus to the alleged infringement.

Defendants acknowledge that the search was conducted based on the specific allegations and the items identified in Plaintiff's submissions. If Plaintiff later alleges that Defendants sold additional accused products not presently identified, Defendants will undertake supplemental searches to determine whether any such sales occurred. On the current record, however, there is no evidence that Defendants sold or shipped the accused products into Illinois.

Under these circumstances, no basis exists for freezing amounts that far exceed any plausible equitable accounting of profit.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Entry of a Preliminary Injunction, and specifically the asset restraint.

Defendants affirm that they will not sell or otherwise offer any of the products alleged by Plaintiff to be infringing during the pendency of this litigation. Accordingly, there is no threat of ongoing or imminent harm justifying injunctive relief, and the requested extraordinary relief should be denied.

December 2, 2025,  Respectfully submitted,
/s/ *He Cheng*
He Cheng
Palmer Law Group P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33301
Tel: +1 (917) 525-1495
Email: rcheng@palmerlawgroup.com
***Attorney for Defendants***